JOHN W. MOLOHON *et al.* Appellants, *vs.* PETER CASHIN
*et al.* Appellees.

*Opinion filed February 20, 1913—Rehearing denied April 3, 1913.*

1. DRAINAGE—*order overruling objections to a petition to form
district is not res judicata.* An order overruling objections to a
petition to form a district under section 76 of the Farm Drainage
act and appointing commissioners is merely interlocutory, and does
not bar the hearing, on the report of the commissioners, of the
objection that the ditches and drains are not a continuous line of
drains constructed by voluntary action of the land owners, even
though such objection was included in those overruled when the
court took jurisdiction of the petition and appointed commissioners.

2. SAME—*what must be shown to authorize organization of dis-
trict under section 76 of the Farm Drainage act.* To authorize the
organization of a district under section 76 of the Farm Drainage
act it is incumbent upon the petitioners to prove that ditches form-
ing a continuous line or line and branches have been constructed
by voluntary action of the adjoining land owners.

3. SAME—*ditches must be artificial to authorize organization of
district under section 76.* To authorize the organization of a dis-
trict under section 76 of the Farm Drainage act the ditches must
be of artificial construction, and it is not sufficient that owners have
drained their lands by connecting their tile drains or open ditches
with a natural stream or water-course running through the lands.

4. SAME—*what finding in order dismissing petition to form dis-
trict is proper.* A finding that the land owners have not by vol-
untary action constructed ditches which form a continuous line is,
when based upon the evidence, a proper finding upon which to base
an order dismissing a petition to form a district under section 76
of the Farm Drainage act, and such order will bar the filing of
another petition under said section under the same conditions.

5. SAME—*what finding will not bar all attempt to organize a
drainage district.* A finding in an order dismissing a petition to
form a district under section 76 of the Farm Drainage act, that the
estimated cost of the work will exceed the benefits, does not oper-
ate as a bar to the organization of the lands into a drainage district
under some other section of the statute applicable to the conditions
shown to exist.

APPEAL from the County Court of Christian county;
the Hon. C. A. PRATER, Judge, presiding.

TAYLOR & TAYLOR, for appellants.

JOHN E. HOGAN, and GEORGE T. WALLACE, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

On October 16, 1911, fifteen land owners filed their petition in the county court of Christian county, under section 76 of an act entitled "An act to provide for drainage for agricultural and sanitary purposes, and to repeal certain acts therein named," approved June 27, 1885, commonly known as the Farm Drainage act, for the formation of a drainage district to include the lands therein described as interested in maintaining ditches which it was alleged had been constructed by voluntary action of adjoining land owners and formed a continuous line and branches. The county court fixed the time for the hearing on the petition and the notices were given as required by the Farm Drainage act. On the hearing a large number of objectors filed written objections to the petition. Among the points raised by the objections was the one that the lands described had not been connected by ditches and drains which form a continuous line and branches constructed by voluntary action of adjoining land owners. The court overruled each of the objections, found that the petition was in due form under section 76 and that it had jurisdiction, appointed three commissioners and directed them to proceed in accordance with the statute, and fixed the time for the filing of their report. The commissioners reported, excluding some lands included in the petition and including others not therein mentioned, and recommended that said lands, consisting of a little less than five thousand acres, be organized into a special drainage district. The district as recommended was six and one-half miles in length and of an average width of about one mile. It included lands lying in four townships and in the three counties of Christian, Montgomery and Sangamon,

the major portion being in Christian county. By their report the commissioners recommended a plan of improvement at an estimated cost of $37,500. To this report Peter Cashin and the other appellees herein filed twenty-one written objections, to which there were later added, by permission of the court, two further objections. Upon motion of John W. Molohon and the other appellants objections numbered from 1 to 10, inclusive, (except No. 7,) and from 16 to 21, inclusive, (except No. 20,) were stricken, the ground of the motion being, that these objections attempted to put in issue matters not material or relevant and matters which had been heard and determined by the court on the hearing on the petition. The hearing then proceeded upon the remaining objections, and after all the evidence had been presented, including the examination of a large number of witnesses, the court entered an order finding that the cost of the proposed work would exceed the benefits derived therefrom and that the ditch and drains in question are not a continuous line of drains constructed by the voluntary action of adjoining land owners, and ordering that the petition be dismissed at the cost of the petitioners. From that order this appeal has been perfected.

It is first contended on the part of appellants that it is improper to base an order dismissing the petition upon the finding that the ditch and drains are not a continuous line of drains constructed by the voluntary action of the land owners, for the reason that that matter was presented on the first hearing by written objections filed to the petition, and that the order of the court overruling those objections was *res judicata* of that question on the hearing of objections to the commissioners' report. The order entered on the hearing of objections to the petition was merely interlocutory and was not appealable. Whether the owners of these lands had by voluntary action constructed ditches which formed a continuous line or line and branches was a jurisdictional question, and if it appeared to the court,

at any time before the entry of the final order organizing the district, that ditches forming a continuous line or line and branches had not been constructed by voluntary action of the adjoining land owners, it would become the duty of the court to dismiss the petition. The Farm Drainage act, by section 52, provides that on the hearing on the report of the commissioners any owner of land in the proposed district may appear "and be heard upon any and all questions, matters and things touching said report and the organization of said district." The fourteenth objection of appellees to the report of the commissioners, to which no objection or motion to strike was made, is as follows: "The district proposed to be organized is not now, and never has been, a continuous line of constructed drain, consisting of main or of main and branches, as provided by statute." A great deal of testimony was offered on both sides on the question whether ditches forming a continuous line or line and branches had been constructed by the voluntary action of the land owners in the proposed district. The court did not err in considering that matter on this hearing.

A number of other questions are presented by the assignments of error, but in the view we take it will not be necessary to discuss all of them.

Said section 76 of the Farm Drainage act is as follows: "Where two or more parties owning adjoining lands which require a system of combined drainage, have by voluntary action constructed ditches which form a continuous line, or line and branches, the several parties shall be liable for their just proportion of such repairs and improvements as may be needed therefor, the amount to be determined as near as may be on the same principle as if these ditches were in an organized district. Whenever such repairs and improvements are not made by voluntary agreement, any one or more owning parts of such ditch shall be competent to petition for the formation of a drainage district to include the lands interested in maintaining these ditches. The

petitioner or petitioners for the formation of such district must show to the satisfaction of the court that his or their land is damaged through the lack of proper repairs or improvements to said ditch or drain. The form of procedure and the conditions heretofore prescribed in this act shall be observed as near as practicable; but the ditches shall be taken as a dedication of the right of way, and their construction and joining as the consent of the several parties to be united in a drainage district. These ditches, if open, shall be made tile drains when practicable."

This section constitutes the sole authority for the formation of the proposed district, and it was incumbent upon the petitioners to show that the conditions there prescribed existed. Unless it appeared that ditches forming a continuous line or line and branches had been constructed by voluntary action of the adjoining land owners, such a district as is contemplated by this section of the statute could not be formed or organized. The great preponderance of the evidence is that the drain referred to in the petition and in the report of the commissioners as the main ditch, and which extends throughout the length of the proposed district and approximately in the center thereof, is, and always has been, a natural stream or water-course, known since the time that section was first settled, as Clear creek. While it is apparent from the testimony that ditches have been constructed to divert the natural course of portions of this stream for the purpose of straightening and otherwise improving it, it appears clearly that a great portion of it is in its natural state and has never been changed by any artificial means. Some of the witnesses testified that they had known this stream before any of the lands bordering upon it had been settled, broken up or improved in any way, and that this stream or water-course was there at that time just as it exists now, and was known as Clear creek. It is undisputed that a large proportion of the lands in this district have been drained by connecting tile or open ditches

with this stream, and it is upon the theory that this stream constitutes a main ditch or common outlet for all the lateral ditches that appellants petitioned to have the district formed. Section 76 does not authorize the formation of a district by user under such circumstances. It is only in cases where the complete system of drainage voluntarily constructed consists of artificial ditches constituting a continuous line or line and branches that this section authorizes the formation of a drainage district. A stream or watercourse still in a state of nature cannot be described or considered as a ditch constructed by the voluntary action of adjoining land owners; nor is the situation at all altered by reason of the fact that the adjoining land owners may have drained their lands by connecting their tile or open ditches with such natural stream or water-course.

Appellants complain of the findings made by the county court in the order dismissing the petition, on the ground that they are not a proper part of the order and will operate as a bar to the filing of another petition in the future, and insist that the order should have been one simply dismissing the petition. The order is one dismissing the petition, and the finding that the land owners had not by voluntary action constructed ditches which form a continuous line being amply supported by the evidence, was a proper finding upon which to base the order. This judgment should, and will, operate as a bar to the filing of another petition under the conditions existing at present. The finding that the estimated cost of the particular improvement proposed by the commissioners would exceed the benefits will not bar the formation of a drainage district including or comprising these same lands under some other section of the statute.

The judgment of the county court is affirmed.

*Judgment affirmed.*